83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Jose CASTILLO-MEDAL; Daysi Adelaida
Cajina-Carranza; Thamar Jamin Castillo-Cajina, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70542.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided April 30, 1996.
 
 1
 Before: BOOCHEVER and REINHARDT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nicaraguan citizens Roberto Jose Castillo-Medal, his wife Daysi Adelaida Cajina-Carranza, and their daughter Thamar Jamin Castillo-Cajina petition for review of the dismissal by the Board of Immigration Appeals ("BIA") of their appeal from the opinion of an Immigration Judge ("IJ") finding them deportable. We affirm.
 
 
 4
 I. The Immigration Judge's decision denying asylum was supported by substantial evidence
 
 
 5
 Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant an alien asylum if the alien is a refugee. A refugee is an alien unwilling to return to the country of origin "because of persecution or a well-founded fear of persecution on account of ... political opinion." Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995) (quotations omitted). The alien must show that his fear is objectively reasonable and subjectively genuine. Id. To satisfy the requirement that the fear be objectively reasonable, the alien has the burden to show facts that would support a reasonable fear of persecution by "credible, direct, and specific evidence in the record." Id. (quotations omitted). The alien's credible and persuasive testimony can satisfy the requirement of objective reasonableness, if documentary evidence is unavailable. Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). To satisfy the subjective component, the alien must show that his fear is genuine. Id.
 
 
 6
 The standard for reviewing the factual determination whether the alien has demonstrated a "well-founded fear of persecution" is whether substantial evidence supports the BIA's decision. Ghaly, 58 F.3d at 1429. On a petition for review to this court, the alien " 'must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 
 7
 Because the BIA adopted the reasoning of the IJ, we review the decision of the IJ. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). Cajina-Carranza's asylum claim is partly derivative of her husband's claim; their daughter's claim is entirely derivative of the claims of her parents.
 
 A. Castillo-Medal's credibility
 
 8
 The government asserts that the IJ's decision was based "principally on adverse credibility findings." The government apparently equates the IJ's conclusion that Castillo-Medal was a "political opportunist" with a finding that he was not credible. While the IJ's credibility findings are entitled to substantial deference, especially when based on demeanor, Paredes-Urrestarazu v. United States INS, 36 F.3d 801, 818 (9th Cir.1994), the IJ must support his credibility determination with specific, cogent reasons. Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994). Although in this case the IJ did emphasize that he observed the demeanor of both Castillo-Medal and Cajina-Carranza, he did not state that he disbelieved any of the specific factual allegations made by either. Instead, the IJ concluded that he was "not convinced, on the facts of this case, that either the male or the female Respondent had any apprehension or awareness of danger." (Emphasis added.)
 
 
 9
 The IJ's decision can be construed as finding that given the circumstances as described, neither husband nor wife had an objectively reasonable fear of persecution. We therefore evaluate the IJ's decision not with the special deference due a credibility finding, but rather to determine whether substantial evidence supports the finding that Castillo-Medal and Cajina-Carranza each failed to demonstrate that a reasonable person in his or her position would fear persecution.
 
 B. Castillo-Medal's ideological conviction
 
 10
 Castillo-Medal's main argument on appeal is that the IJ erred in not taking his political beliefs seriously because they "changed over time." The IJ in this case found that Castillo-Medal took different sides in quick succession. Nevertheless, it is clear that the IJ based his decision, and the BIA affirmed, not on Castillo-Medal's fickleness, but on his and his wife's failure to demonstrate that a reasonable person in their situation would fear persecution.
 
 
 11
 C. Castillo-Medal's objective fear of persecution
 
 
 12
 As the IJ's opinion points out, the testimony established that Castillo-Medal actually led a very comfortable existence in Nicaragua. Given his son's martyrdom for the Sandinista revolution, and Castillo-Medal's own service in the Sandinista's war against the Somoza regime, the IJ stated that Castillo-Medal's earlier work for Somoza "could not seriously have jeopardized this Respondent's position unless and until the male Respondent himself chose to jeopardize his position under the Sandinista regime by defecting." The IJ found that Castillo-Medal left because the revolution was becoming "burdensome," as the family business suffered and the children faced the draft. The IJ concluded that neither husband nor wife showed a well-founded fear of anything more personal or specific than the general difficulties in Nicaragua at the time.
 
 
 13
 An asylum applicant must show a "predicament [that] is appreciably different from the dangers faced by ... fellow citizens." Estrada-Posadas v. United States INS, 924 F.2d 916, 920 (9th Cir.1991) (as amended) (quotations omitted); see Kotasz, 31 F.3d at 852 (petitioner must show he is at "particular risk"). The intrigue and difficulties related to Castillo-Medal's air force job apparently were not unique to his position, and the general economic disorder which hurt his wife's business affected the entire Nicaraguan economy. See Huaman-Cornelio v. BIA, 979 F.2d 995, 1000 (4th Cir.1992) (personal animosities or policy disputes within party which led to fights not evidence of persecution). His stated reason for leaving for the United States was to prevent his son's military conscription. Departure for such a reason does not amount to flight to avoid persecution. Castillo, 951 F.2d at 1122. Although Cajina-Carranza testified she feared her husband would be jailed as a deserter upon their return, punishing deserters does not per se constitute persecution. Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990).
 
 
 14
 Castillo-Medal's applications for asylum also describe his fear of reprisal if his attempts to juggle loyalties and conceal earlier Somocista activity should fail. "[M]ere apprehension is not enough to establish a well-founded fear entitling an alien to asylum...." Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). "A specific, serious threat may establish a well-founded fear of persecution." Barraza Rivera, 913 F.2d at 1453. Castillo-Medal has not shown such a threat.
 
 
 15
 Substantial evidence supports the IJ's decision denying asylum status to Castillo-Medal.
 
 D. Cajina-Carranza
 
 16
 Cajina-Carranza's application for asylum, which is partially dependent on her husband's, also cites several independent events. After her husband left, she was questioned about his work with the air force; she lost her ration card; her business declined; the local neighborhood committee, which her husband had once chaired, threatened to burn her house; and in her declaration, she stated that Sandinista sympathizers threw rocks at the house. Cajina-Carranza was questioned only once, however; she regained her ration card quickly; her business suffered from lack of supplies due at least in part to the embargo against Nicaragua; and no fire occurred. The IJ found that none of these alleged events were persecution based on political opinion, as they were common symptoms of the difficult times, civil and military strife, and economic disorder that affected Nicaragua. See Ubau-Marenco v. INS, 67 F.3d 750, 755 (9th Cir.1995) (Sandinista regime's refusal to supply petitioner's factory with fabric may be accounted for by shortage of supply rather than intent to persecute), overruled on other grounds by Fisher v. INS, 1996 WL 146681 at * 8 (9th Cir.1996).
 
 
 17
 We hold that the evidence presented by Cajina-Carranza is not so compelling that a reasonable factfinder would have to find the fear of persecution required for a grant of asylum.
 
 
 18
 II. The IJ's decision denying mandatory withholding of deportation was supported by substantial evidence
 
 
 19
 Because we hold that there was substantial evidence in the record to support the IJ's decision denying asylum, petitioners a fortiori have failed to meet the more stringent standard for withholding of deportation. De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3